**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| GREGORY A. TOBIN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:08-CV-17 CAS |
| ) | |
| FREDERICK G. MEYER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of the file. The Court notes the existence of issues regarding jurisdiction. "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). Statutes conferring diversity jurisdiction are to be strictly construed. Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992).

Plaintiffs bring their complaint pursuant to this Court's diversity jurisdiction, alleging state law claims for professional negligence and breach of fiduciary duty. To invoke the Court's diversity jurisdiction, the complaint must allege each party's place of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. 28 U.S.C. §§ 1332(a), (c)(1); see Sanders, 823 F.2d at 215 n.1. For limited liability companies, the Court must examine the citizenship of each member of the limited liability company for purposes of diversity jurisdiction. GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004).

The citizenship of a limited partnership is the citizenship of each of its partners, both general and limited. C.T. Carden v. Arkoma Associates, 494 U.S. 185, 195-96 (1990); Buckley v. Control Data Corp., 923 F.2d 96, 97 (8th Cir. 1991) (applying Carden).

Plaintiffs allege defendant Chatzky and Associates is "believed to be" a California partnership. In its motion to dismiss, this defendant (which identifies itself as "Chatzky & Associates"), asserts that it is "Law Corporation" as well as a California corporation. The record is not clear whether Chatzky & Associates is a limited liability corporation or a general liability corporation. If this defendant is a limited liability corporation, plaintiffs must plead the citizenship of each member of the limited liability corporation. GMAC, 357 F.3d at 829. If defendant is a general liability corporation, plaintiffs must plead both defendant's state of incorporation and principal place of business. 28 U.S.C. §§ 1332(a), (c)(1). As a result, the complaint does not adequately establish the existence of diversity jurisdiction. See Rule 8(a), Federal Rules of Civil Procedure ("A pleading which sets forth a claim for relief shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends"); see also Sanders, 823 F.2d at 216 (discussing pleading requirements to establish diversity jurisdiction).

In addition, plaintiffs allege that defendant Reinhart, Boerner, Van Deuren, Norris & Rieselbach, S.C. ("Reinhart") is a Wisconsin corporation "organized and existing under the laws of the State of Wisconsin and is a citizen of the State of Wisconsin." In its answer (Doc. 18), this defendant states that it is a service corporation organized under Wisconsin law, and asserts that "for diversity purposes, the citizenship of a service corporation is the place of citizenship of each of the individual shareholders." Answer, ¶ 6 at 1-2. If Reinhart is a service corporation under Wisconsin law, see Wis. Stat. Ann. §§ 180.1903-1921, plaintiffs have failed to allege the citizenship of each of

2

Reinhart's individual shareholders. Further, if Reinhart is a general liability corporation, plaintiffs have failed to allege its principal place of business. 28 U.S.C. §§ 1132(a), (c)(1).

Finally, plaintiffs allege that defendant Holland & Hart LLP is a Colorado limited liability partnership. Plaintiffs must plead the citizenship of each of Holland & Hart LLP's partners, both general and limited. See Carden, 494 U.S. at 195-96.

For these additional reasons, the complaint does not adequately establish the existence of diversity jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs shall file an amended complaint by **May 16, 2008**, which shall include appropriate allegations regarding the citizenship of defendants Chatzky and Associates, Reinhart, Boerner, Van Deuren, Norris & Rieselbach, S.C., and Holland & Hart LLP.

**IT IS FURTHER ORDERED** that in the event plaintiffs do not timely comply with this Order, this case will be dismissed without prejudice for lack of subject matter jurisdiction.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　**CHARLES A. SHAW**
　　　　　　　　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**

Dated this  2nd  day of May, 2008.